IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 14-05847-jw |
| | ) | Chapter 13 |
| Djwana Kamile Lewis-Rivers, | ) | |
| | ) | **NOTICE OF MOTION FOR** |
| Debtor. | ) | **RELIEF FROM AUTOMATIC** |
| | ) | **STAY (11 U.S.C. §362)** |

TO:   DEBTOR, TRUSTEE, AND THOSE NAMED IN THE ATTACHED MOTION

PLEASE TAKE NOTICE THAT a hearing will be held on the attached Motion on:
   Date:   July 18, 2016
   Time:   11:00 a.m.
   Place:   145 King Street, Room 225, Charleston, SC 29401

Within fourteen (14) days after service of the attached Motion, the Notice of Motion, the Movant's Certification of Facts, any party objecting to the relief sought shall:

   (1)  File with the clerk a written objection to the 11 U.S.C. §362 Motion;

   (2)  File with the clerk a Certification of Facts;

   (3)  Serve on the Movant items 1 and 2 above at the address shown below; and

   (4)  File a certificate of such service with the clerk.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be heard on this proceeding before the court.

   DATE OF SERVICE: June 14, 2016

   MOVANT:  US Bank Trust National Association, as Trustee of the PRP II Pals Investments
          Trust

   ATTORNEY: Kathleen M. Muthig

   ATTORNEY'S ADDRESS:

   Kathleen M. Muthig
   FINKEL LAW FIRM LLC
   P.O. Box 1799
   Columbia, SC 29202

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                          )        Case No.  14-05847-jw
                                                )        Chapter  13
Djwana Kamile Lewis-Rivers,                     )
                                                )
            Debtor.                             )
                                                )
_____ )

## MOTION TO MODIFY STAY

US Bank Trust National Association, as Trustee of the PRP II Pals Investments Trust

("Movant") moves the Court pursuant to 11 U.S.C. Section 362(d)(1) and (2) for modification of the

automatic stay issued in this case and represents as follows:

1.      The above-referenced Debtor filed a petition for relief under Chapter 13 of the United

States Bankruptcy Code on October 15, 2014.

2.      The Trustee of the Debtor's estate may claim an interest in the property which is the

subject of this action.

3.      Movant is the holder of a secured claim against the Debtor evidenced by a note and

mortgage, copies of which are attached hereto.  The property covered by the mortgage is located at

1865 Richmond Street, Charleston, Charleston County, SC 29407 as is more fully described in the

attached mortgage.

4.      The Debtor has failed to make a regular mortgage payment pursuant to the plan for

November 2014 forward and has  failed to abide by the Chapter 13 plan.  Movant has therefore not

been provided adequate protection for its interest in the property and is suffering irreparable harm

and injury.

5.      The Debtor has no equity in the subject property, and the property is not necessary

for reorganization.

6.      Movant agrees to waive any claim that may arise under 11 U.S.C. Section 503(b) or Section 507(b). The claimant further agrees that any funds realized from the foreclosure sale, in excess of all liens, costs, and expenses, will be paid to the Trustee.

7.      Due to the history of default in this case and/or prior foreclosure, Movant requests that F.R.B.P. 4001(a)(3) not be applicable in this matter and that Movant be able to immediately enforce and implement any Order modifying stay or any Settlement or Consent Order associated with this Motion to Modify Stay.

WHEREFORE, pursuant to 11 U.S.C. Section 362(d)(1) and (2), Movant hereby moves for an Order modifying the automatic stay to permit actions in State Court against the subject property and for legal fees and expenses for bringing this action, and that F.R.B.P. 4001(a)(3) be waived and not be applicable to this Motion to Modify Stay so as to allow Movant to immediately enforce and implement an Order upon entry of an Order associated with this Motion. Movant further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, and to further communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable nonbankruptcy law. Upon relief of stay, Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

BY:    _____

KATHLEEN M. MUTHIG
District Court ID No. 11909
Attorney for Movant
FINKEL LAW FIRM LLC
Post Office Box 1799
Columbia, South Carolina 29202
Phone (803) 765-2935
Fax (803) 252-0786
kmuthig@finkellaw.com

Columbia, South Carolina
June 14 , 2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | Case No.  14-05847-jw |
| | ) | Chapter  13 |
| Djwana Kamile Lewis-Rivers, | ) | |
| | ) | **CERTIFICATION OF FACTS** |
| Debtor. | ) | |
| | ) | |

In the above-entitled proceeding, in which relief is sought by US Bank Trust National Association, as Trustee of the PRP II Pals Investments Trust ("Movant") from the automatic stay provided by 11 U.S.C. §362, I hereby certify to the best of my knowledge the following:

1.    Nature of Movant's interest.  Movant is the holder of the Note and has a perfected security interest in the below-referenced property.

2.    Brief Description of Security Agreement or Authority under which Interest Arises, copy attached (if applicable).  See copies of note and mortgage attached.

3.    Description of Property Encumbered by Stay (include serial number, lot and block number, etc.).  1865 Richmond Street, Charleston, Charleston County, SC 29407, as more fully described in the attached mortgage.

4.    Basis for Relief (property not necessary for reorganization, debtor have no equity, property not property of estate, etc.; include applicable subsection of 11 U.S.C. §362).  11 U.S.C. §362(d)(1),(2); Cause, lack of adequate protection;  Property not necessary for reorganization, Debtor has no equity.

5.    Prior Adjudication by Other Courts, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable).  N/A

6.    Valuation of Property. List the value placed upon the collateral by the party filing this certification.  Include the source of each value.  If an appraisal, (ie: tax appraisal, Blue Book, formal appraisal), include the following information regarding each appraisal: the date and type of appraisal, the appraised value and the name and address of the appraiser.

| | |
|---|---|
| Fair Market Value | $180,000.00 (per Debtor) |
| Liens (mortgages)(-) | $192,697.96 (payoff Movant)* |
| | $738.00 (lien per Debtor) |
| Equity Before Exemption | $<13,435.96> |
| Debtor's Exemption (-) | $52,400.00 |
| Net Equity | $<65,835.96>* |
| Source/Basis of Value | Schedules of Debtor(s) |

7.      Amount of Debtor's Estimated Equity (using figures from paragraph 6, supra):
        $<13,435.96>*

8.      Month and Year in which first direct post-petition payment came due to Movant (if
        applicable).   November 2014

9.      (a)     For Movant/Lienholder (if applicable): List or attach a list of all post-petition
                payments received directly from debtor(s), clearly showing date received,
                amount, and month and year for which each such payment was applied.

                No Post-petition payments have been received by the movant.


        (b)     For Objecting Party (if applicable):  List or attach a list of all post-petition
                payments included in the Movant's list from (a) above which objecting party
                disputes as having been made.  Attach written proof of such payment(s) or a
                statement as to why such proof is not available at the time of filing this
                objection.  N/A

10.     Month and year for which post-petition account or debtor(s) is due as of the Date of
        this Motion.   November 2014 forward


                                        _____
                                        KATHLEEN M. MUTHIG
                                        District Court ID No. 11909
                                        Attorney for Movant
                                        FINKEL LAW FIRM LLC
                                        Post Office Box 1799
                                        Columbia, South Carolina 29202
                                        Phone (803) 765-2935
                                        Fax (803) 252-0786
                                        kmuthig@finkellaw.com

Columbia, South Carolina
_____, 2016


*including continuing interest, legal fees and costs, escrow shortages, and any other fees and costs
allowed by the note and mortgage.

STATE OF MISSOUR          §
                         §
COUNTY OF ST CHARLES      §

### AFFIDAVIT OF LOST NOTE (POST SALE)

I, W Rothermich, the undersigned, being duly sworn, state as follows:

1.  I am employed by CitiMortgage, Inc. as a Vice President – Document Control.
    Pursuant to an agreement, CitiMortgage, Inc. ("CMI") provides certain loan
    servicing activities to CITIFINANCIAL, INC., a South Carolina corporation
    ("Servicer" and/or "Owner"), the servicer and owner of the loan. I am authorized
    to execute this Affidavit on behalf of Servicer and on behalf of CMI. I have access to the business
    resolutions of Servicer and on behalf of CMI. I have access to the business
    records of Servicer and CMI concerning the Loan. I make this affidavit based
    upon my review of those records.

2.  The Loan was evidenced by a Note (the "Note") dated 6/10/2008, in the original
    principal amount of $141,693.89 with an original interest rate of 12.2484% per
    annum, providing for initial monthly payments in the amount of $761.68,
    executed by Djwana Lewis Rivers aka Djwana Rivers and secured by a mortgage,
    deed of trust, or security deed of even date therewith.

3.  Owner sold the Loan to Stanwich Mortgage Acquisition Company II, LLC
    ("Buyer") on December 20, 2012. The Collateral File related to the Loan was
    transferred by Owner to Wells Fargo Bank, NA ("Bailee") on November 8, 2012,
    and released to Buyer by Bailee pursuant to instructions on December 20, 2012.
    According to Buyer, the Collateral File provided to Buyer did not include the
    original Note.

4.  CMI provides this Affidavit to Buyer at the request of Buyer to verify that CMI
    does not currently have physical possession of the Note. Based on the records
    remaining with CMI as of the date of this Affidavit, it appears that the Note was
    never received by CMI.

5.  Servicer provides this Affidavit to Buyer at the request of Buyer to verify that
    Servicer does not currently have physical possession of the Note. Based on the
    records remaining with Servicer as of the date of this Affidavit, is appears that the
    Note was lost prior to transmission of loan records to CMI while the loan records
    were still in possession of Servicer or a prior servicer and/or owner, and cannot be
    located despite a diligent search of the loan records remaining with Servicer.

1

aff

6.  The loss of possession of the Note is not the result of the original Note being assigned, endorsed, or delivered to another party, cancelled, pledged, hypothecated or otherwise transferred.

Affiant

Name: _____

W Rothermich
Vice President - Document Control

Date: _____7-1-13_____

Subscribed and sworn to before me
this __1__ day of _July, 2013_, by
W Rothermich

_____

Notary Public

State of _missouri_

My commission expires: _6/2/2017_

Personally known ___X___ OR Produced identification _n/a_.
Type of identification produced: _____n/a_____.

MARLINA GARCIA
Notary Public - Notary Seal
State of Missouri
St. Charles County
Commission #13489007
My Commission Expires June 02, 2017

2

aff

# NOTE ALLONGE

**Statement of Purpose:** This Note Allonge is attached to and made part of the Note, for the purpose of Noteholder Endorsements to evidence transfer of interest.

**Loan Date:__6/10/2008__    Original Loan Amount: $  141,693.89**

**Originator:  CITIFINANCIAL, INC.**
**Original Mortgagor:  DJWANA LEWIS RIVERS AKA DJWANA RIVERS**
**Property Address: 1865 RICHMOND STREET, CHARLESTON, SC 29407**

Pay to The Order of
US BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF THE PRP II PALS INVESTMENTS
TRUST
Without Recourse

STANWICH MORTGAGE ACQUISITION COMPANY II,
LLC

By: _____

Troy Grande, Authorized Signatory

PAL/14-4GEMALG2ND

After recording return to:
CITIFINANCIAL, INC.

7550 DORCHESTER RD SUITE C
N CHARLESTON SC 29418

₪  H56186882

## MORTGAGE

THIS MORTGAGE is made this 10th day of June , 2008 , between the Mortgagor,
DIMANA LEWIS-RIVERS , herein 'Borrower'),

and the Mortgagee,   CITIFINANCIAL, INC.
a corporation organized and existing   under the laws of   South Carolina , whose
address is   7550 DORCHESTER RD SUITE C   N CHARLESTON SC 29418 (herein
'Lender').

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 141,693.89 , which indebtedness
is evidenced by Borrower's note dated 06/10/2008 and extensions and renewals thereof (herein "Note"), providing for
monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and
payable on 06/15/2038 ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage;
and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage,
grant and convey to Lender and Lender's successors and assigns the following described property located in the County of
CHARLESTON , State of South Carolina:

SEE LEGAL DESCRIPTION

TO HAVE AND TO HOLD unto Lender and Lender's successors and assigns, forever, together with all the
improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which
shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with
said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage,
grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower
covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject
to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.  Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest
indebtedness evidenced by the Note and late charges as provided in the Note.

SC 1575-5  1/98      Original(Recorded)    Copy(Branch)    Copy(Customer)      Page 1 of 3

DJWANA LEWIS RIVERS                    H661PG883        06/10/2009

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 20 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, and costs of documentary evidence, abstracts and title reports, all of which shall be additional sums secured by this Mortgage.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

DJNANA LEWIS RIVERS                    BK    H661PG885        06/10/2008

19.  Assignment of Rents; Appointment of Receiver.  As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

20.  Release.  Upon payment of all sums secured by this Mortgage, this Mortgage shall become null and void, and Lender shall release this mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21.  Waiver of Homestead.  Borrower hereby waives all rights of homestead exemption in the Property.

22.  Waiver of Right of Appraisal.  Borrower hereby waives the right to assert any statute providing appraisal rights which may reduce any deficiency judgment obtained by Lender against Borrower in the event of foreclosure under this Mortgage.

23.  Hazardous Substances.  Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property.  Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge.  If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 23, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.  As used in this paragraph 23, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

*(Intentionally Left Blank)*

DJWANA LEWIS RIVERS

H661PG886   06/10/2008

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURES UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, with a copy to P. O. Box 17170, Baltimore, MD 21203, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

Signed, sealed and delivered in the presence of:

_Djwana Lewis-Rivers_ (Seal)
                                    Borrower

_____ (Seal)
                                    Borrower

### ACKNOWLEDGMENT

STATE OF SOUTH CAROLINA, __Charleston__ _____ County ss:

Before me personally appeared __Shameka S. Walker__ and made oath that __she__ saw the within named Borrower sign, seal, and as __her__ act and deed, deliver the within written Mortgage; and that __Shameka S. Walker__ with __Stacey B. Nash__ witnessed the execution thereof.

Sworn before me this __10th__ day of __June__ __2008__

_____

My commission expires: _____

SC 1575-5 1/98          Copy (Branch)   Copy (Customer)          Page 5 of 5

Original (Recorded) (This Line Reserved For Lender and Recorder)

BK   H661PG887

**EXHIBIT A**

THE FOLLOWING DESCRIBED PROPERTY: ALL THAT CERTAIN PIECE,
PARCEL OR LOT OF LAND, SITUATE, LYING AND BEING IN ST.
ANDREWS PARISH, CHARLESTON COUNTY, SOUTH CAROLINA, AND
KNOWN AND DESIGNATED AS NEW LOT D1 CONTAINING 0.620 ACRES
AS SHOWN ON A PLAT ENTITLED SUBDIVISION PLAT 1885 RICHMOND
STREET, TMS 351-02-00-007, LOT D (0.830 ACRES TOTAL) INTO NEW
LOTS D1 AND D2, ESTATE OF LUCINDA J. LEWIS, ST. ANDREW PARISH,
MADE BY JAMES KELLY DAVIS, R.L.S., DATED AUGUST 17, 2001 AND
REVISED SEPTEMBER 10, 2001 AND RECORDED IN THE RMC OFFICE
FOR CHARLESTON COUNTY IN PLAT BOOK DC AT PAGE 991,
REFERENCE TO SAID PLAT IS HEREBY CRAVED FOR A MORE
COMPLETE AND ACCURATE DESCRIPTION.

BEING THE SAME FEE SIMPLE PROPERTY CONVEYED BY DEED FROM
ESTATE OF LUCINDA JILES LEWIS, DECEASED   TO  DJWANA LEWIS-
RIVERS    , DATED 07/24/2002 RECORDED ON 03/01/2002 IN BOOK V413,
PAGE 741 IN CHARLESTON COUNTY RECORDS, STATE OF SC.



BK H661PG888

# RECORDER'S PAGE

*NOTE:* This page MUST remain
with the original document

Filed By:

Stanley E. Alexander

3010 Waterway Blvd.
Isle of Palms          SC 29451

Number of Pages:

7

**FILED**

June 11, 2008
2:46:47 PM

BK H661PG882

Charlie Lybrand, Register
Charleston County, SC

| DESCRIPTION | AMOUNT |
|---|---|
| | $    12.00 |
| | |
| | |
| | |
| Postage | |

| TOTAL | $    12.00 |
|---|---|

DRAWER:

| | A - cfb |
|---|---|

DO NOT STAMP BELOW THIS LINE

843-958-4800    101 MEETING STREET    CHARLESTON, SC 29401    www.charlestoncounty.org

# ATTORNEY'S CERTIFICATE OF TITLE

The undersigned has carefully examined search of the public records for the real property described below and in our opinion

## Djwana Lewis-Rivers

is the owner(s) of marketable fee simple title subject only to the Liens, Encumbrances and Special Information shown below and on the second page hereof:

## DESCRIPTION OF REAL PROPERTY (HEREIN "REAL PROPERTY") AS SET FORTH IN INSTRUMENT CREATING INTEREST OR ESTATE IN LENDER:

See legal description reported by abstractor.

## CHAIN OF TITLE

Current owners of this Real Property with their dates of ownership.

Dates of Ownership:   Deed Date 7/24/02- Present        Recorded Date 8/01/02
Owners:                       Djwana Lewis-Rivers

## LIENS, ENCUMBRANCES, AND SPECIAL INFORMATION

MORTGAGES

| | |
|---|---|
| 1. | Mortgage dated 6/10/08    Mortgage recorded 6/11/08    Principal Amount: $141,693.82 |
| | Executed by:    Djwana Lewis-Rivers |
| To: | (Mortgagee) Citifinancial, Inc. |
| | Recorded Book  W661, Page 882, Charleston, County Registry |
| | Does this Mortgage secure future advances? (Y/N)N |
| | Mortgage assigned to |

| | |
|---|---|
| 2. | Mortgage dated          Mortgage recorded          Principal Amount: $ |
| | Executed by: |
| To: | (Mortgagee) |
| | Recorded   Book      , Page           County Registry |
| | Does this Mortgage secure future advances? (Y/N) N |
| | Mortgage assigned to |

| | |
|---|---|
| 3. | Mortgage dated          Mortgage recorded          Principal Amount: $ |
| | Executed by: |
| To: | (Mortgagee) |
| | Recorded       B ook       Page       ,       , County Registry |
| | Does this Mortgage secure future advances? (Y/N)N |
| | Mortgage assigned to |

## TAXES AND SPECIAL ASSESSMENTS FOR SUBJECT PROPERTY:

Ad valorem taxes for the Subject Property are paid through and including those for the year.    2009 taxes past due in the amount of $760.15 plus interest and penalties. 2010 taxes due in the amount of $771.00

## OTHER LIENS, OBJECTIONS, AND DEFECTS

| | | |
|---|---|---|
| 1. | Judgments or Decrees, State or Federal | 2010-CP-10-7642 |
| 2. | Mechanics' and Materialmen's Liens of Record | None Reported |
| 3. | Decedent's Debts or Un-administered Estates | None Reported |
| 4. | Bankruptcy Proceedings | None Reported |
| 5. | Suits Pending | None Reported |
| 6. | Other | None Reported |

## EXCEPTIONS

1.  Taxes which become due and payable subsequent to date of certification.
2.  Covenants, conditions and restrictions, if any, appearing in the public records.
3.  Any easements or servitudes appearing in the public records.
4.  Defects, liens, encumbrances, adverse claims, or other matters, if any, created, first appearing in the public records or attaching subsequent to the effective date hereof.
5.  Rights or claims of parties in possession not shown by the public records.
6.  Easements, or claims of easements, shown by the public records.
7.  Encroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey and inspection of the premises.
8.  Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.
9.  Rights of dower, homestead or other marital rights of the spouse, if any, of any individual insured.
10. Restrictions upon the use of the premises not appearing in the chain of title to the land.
11. Payoffs provided by Lender or Owner for purposes of this transaction, including payments made by Lender or the Owner.

## EXCLUSIONS

1.  (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions, or location of any improvement now or hereafter erected on the land (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part of ; or environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of enforcement thereof or a notice of defect, lien or encumbrance resulting from a violation affecting the land has been recorded in the public records at date of certification.

 (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation affecting the land has been recorded in the public records at date of certification.

2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public record at date of certification.

3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a) created, suffered, assumed or agreed to by the Lender or Owner;
    (b) not known to the Attorney, not recorded in the public records at date of certification;
    (c) resulting in no loss or damage to the Lender or Owner;
    (d) attaching or created subsequent to date of certification; or
    (e) resulting loss or damage which would not have been sustained if the Lender or Owner had paid value for the mortgage;
    (f) that could not have been discovered through the exercise of reasonable care including but not limited to forged or misfiled documents.

4.  Unenforceability of the lien of the mortgage because of the inability or failure of the Lender or Owner at date of certification, or the inability or failure of any subsequent owner of the indebtedness, to comply with applicable doing business laws in the state in which the land is situated.

5.  Invalidity or unenforceability of the lien or the mortgage, or claim thereof, which arises out of the transaction evidenced by the mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.  Any statutory lien for services, labor or materials (or the claim of any statutory lien for services, labor or materials over the lien of the mortgage) arising from an improvement or work related to the land which is contracted for and commences subsequent to date of certification and is not finance in whole or in part by proceeds of the indebtedness secured by the mortgage which at date of certification the Lender has advanced or is obligated to advance.

7.  Any claim, which arises out of the transaction creating the interest of the mortgagee named in this certification, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that is based on:
    (a) the transaction creating the interest of the mortgagee being deemed a fraudulent conveyance or fraudulent transfer; or
    (b) the subordination of the interest of the mortgagee as a result of the application of the doctrine of equitable subordination; or
    (c) the transaction creating the interest of the mortgagee being deemed a preferential transfer except when's the preferential transfer results from the failure:
        (i) to timely record the instrument transfer; or
        (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien of creditor.

## ATTORNEY'S PRELIMINARY CERTIFICATE OF TITLE

I hereby certify that I have examined the search  to the Real Property above noted to and including the 5th day of November, 2010.

Firm:    Keegan Law Firm, LLC
         33 Market Point Drive
         Greenville, SC 29607


By:
Attorney
    Mark S. Keegan

When Recorded Return To:
CitiFinancial, Inc.
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

RMC Bk 0310 Pg 0155 : Pg 1 of ...

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, CITIFINANCIAL, INC., WHOSE ADDRESS IS 300 ST. PAUL PLACE, LEGAL DEPARTMENT- 17TH FLOOR, BALTIMORE, MD, 21202, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2012-18, WHOSE ADDRESS IS 1610 E. ST. ANDREW PLACE SUITE B150, SANTA ANA, CA 92705 (317)712-5352, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Mortgage dated 06/10/2008, made by DJWANA LEWIS-RIVERS to CITIFINANCIAL, INC. and recorded in the Recorder or Registrar of Deeds of CHARLESTON County, South Carolina in Book W661, Page 882, and/or as Document #.

Dated on 01/ 28 /2013 (MM/DD/YYYY)
CITIFINANCIAL, INC.

By: _Belinda Aguirre_
     Belinda Aguirre
     VICE PRESIDENT

Signed and Acknowledged
in the Presence of:

_Wendy_
Wendy Ramirez
Witness 1

_Erica Snyder_
Erica Snyder
Witness 2

STATE OF FLORIDA    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on 01/ 28 /2013 (MM/DD/YYYY), by Belinda Aguirre as VICE PRESIDENT for CITIFINANCIAL, INC., who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

_Elizabeth A. Mustard_
Elizabeth A. Mustard
Notary Public - State of FLORIDA
Commission expires: 08/27/2015

Elizabeth A. Mustard
Notary Public State of Florida
My Commission # EE 088429
Expires August 27, 2015
Bonded Thru Notary Public Underwriters

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

Reviewed and Approved as meeting the South Carolina Code of Laws and Recording Statutes by Biddle Law Firm, P.A., Myrtle Beach, South Carolina.

# RECORDER'S PAGE

*NOTE:* This page **MUST** remain
with the original document

**RECORDED**

| | |
|---|---|
| Date: | February 11, 2013 |
| Time: | 3:28:07 PM |

| Book | Page | DocType |
|---|---|---|
| 0310 | 015 | Asgt |

Charlie Lybrand, Register
Charleston County, SC

**Filed By:**

NATIONWIDE TITLE CLEARING

2100 ALTERNATE 19 NORTH
PALM HARBOR FL 34683-9886

| | | |
|---|---|---|
| # of Sats: | # of Pages: | 2 |
| | # of Refs: | |

**Maker:**
CITIFINANCIAL INC

**Recipient:**
CHRISTIANA TR AL

Note:

| | | |
|---|---|---|
| Recording Fee | $ | 6.00 |
| Extra Reference Cost | $ | - |
| Extra Pages | $ | - |
| Postage | $ | - |
| Chattel | $ | - |
| **TOTAL** | **$** | **6.00** |

**Original Book:**
W661

**Original Page:**
882

| | |
|---|---|
| Drawer | Drawer 1 |
| Clerk | KLH |

0310
Book

016
Page

02/11/2013
Recorded Date

2
# Pgs

W661
Original Book

882
Original Page

M
Doc Type

15:28:07
Recorded Time

# PGS:
3

RETURN TO:
Document Recording Services
PO Box 3008
Tallahassee, FL 32315



Record 1st

**ASSIGNMENT OF MORTGAGE**          Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2012-18 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801 (Assignor)** by these presents does assign, and set over, without recourse, to **STANWICH MORTGAGE ACQUISITION COMPANY II, LLC c/o The Palisades Group LLC, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025 (Assignee)** the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **DJWANA LEWIS-RIVERS to CITIFINANCIAL, INC..   Said mortgage Dated: 6/10/2008 is recorded in the State of SC, County of Charleston on 6/11/2008, as Book W661 Page 882 AMOUNT: $ 141,693.89**

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by its proper officer.  Executed on: 4/10/15

CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR
STANWICH MORTGAGE LOAN TRUST, SERIES 2012-18  By: ~~The Palisades Group, LLC,~~ Its Appointed
Attorney in Fact          *STANWICH MORTGAGE ACQUISITION COMPANY II, LLC*

By: _____

    Troy Grande, Authorized Signatory

Witness: Austin Vierer          Witness: ANDRIJA KOSTANJEVEC

SC  Charleston

RETURN TO:
Document Recording Services
PO Box 3008
Tallahassee, FL 32315          **ASSIGNMENT OF MORTGAGE**          Send Any Notices To Assignee.

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed
the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California
County of Los Angeles

On 4|10|15 before me, Gabriella S. Loughnot, Notary Public, personally appeared Troy Grande, who proved to
me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

Witness: _____

_Gabriella S. Loughnot_
Notary public, Gabriella S. Loughnot
My commission expires: July 21, 2017

GABRIELLA S. LOUGHNOT
COMM. #2034242
Notary Public - California
Los Angeles County
My Comm. Expires July 21, 2017

*15025409*                    SC   Charleston

# RECORDER'S PAGE

*NOTE*: This page MUST remain
with the original document



**Filed By:**

CORPORATION SERVICE COMPANY

P.O. BOX 3008
TALLAHASSEE, FL 32315-3008

**MAKER:**

CHRISTIANA TR ETC

**RECIPIENT:**

STANWICH MTG ACQUISITION

**Original Book:**

W661

**Original Page:**

882

| RECORDED | | |
|---|---|---|
| Date: | June 23, 2015 | |
| Time: | 11:49:17 AM | |
| Book | Page | DocType |
| 0484 | 944 | Asgt |

Charlie Lybrand, Register
Charleston County, SC

| | # of Pages: | 3 |
| # of Sats: | # of References: | |

Note:

| Recording Fee | $ | 6.00 |
|---|---|---|
| Extra Reference Cost | $ | - |
| Extra Pages | $ | 1.00 |
| Postage | $ | - |
| Chattel | $ | - |
| **TOTAL** | **$** | **7.00** |

DRAWER    Drawer 4
CLERK    LRR



0484
Book

944
Page



06/23/2015
Recorded Date

3
# Pgs

W661
Original Book

882
Original Page

M
Doc Type

11:49:17
Recorded Time

**843-958-4800    101 MEETING STREET    CHARLESTON, SC 29401    www.charlestoncounty.org**



# PGS:
3

RETURN TO:
Document Recording Services
PO Box 3008
Tallahassee, FL 32315

## RECORD 2nd
### ASSIGNMENT OF MORTGAGE      Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **STANWICH MORTGAGE ACQUISITION COMPANY II, LLC**
c/o The Palisades Group LLC, 11755 Wilshire Blvd, Suite 1700, Los Angeles, CA 90025 **(Assignor)** by these
presents does assign, and set over, without recourse, to **US BANK TRUST NATIONAL ASSOCIATION, AS
TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST** 7144 E Stetson Dr, Suite 410, Scottsdale, AZ
85251 **(Assignee)** the described mortgage with all interest, all liens, any rights due or to become due thereon,
executed by DJWANA LEWIS-RIVERS to CITIFINANCIAL, INC..   Said mortgage Dated: 6/10/2008 is
recorded in the State of SC, County of Charleston on 6/11/2008, as Book W661 Page 882 AMOUNT: $
141,693.89    Property Address: 1865 RICHMOND STREET, CHARLESTON, SC 29407

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by its proper
officer. Executed on: 4/17/15

STANWICH MORTGAGE ACQUISITION COMPANY II, LLC

By: _____
   Troy Grande, Authorized Signatory

Witness: C. Werner   Austin Werner      Witness: Andrija Kostanjevec   ANDRIJA KOSTANJEVEC

SC   Charleston

RETURN TO:
Document Recording Services
PO Box 3008
Tallahassee, FL 32315          **ASSIGNMENT OF MORTGAGE**          Send Any Notices To Assignee.

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or *validity of that document.*

State of California
County of Los Angeles

On 4/13/15 ___ before me, Gabriella S. Loughnot, Notary Public, personally appeared Troy Grande, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness:

Notary public, Gabriella S. Loughnot
My commission expires: July 21, 2017

GABRIELLA S. LOUGHNOT
COMM. #2034242
Notary Public - California
Los Angeles County
My Comm. Expires July 21, 2017

SC  Charleston

# RECORDER'S PAGE

*NOTE*: This page MUST remain
with the original document



Filed By:
CORPORATION SERVICE COMPANY

P.O. BOX 3008
TALLAHASSEE, FL 32315-3008

| RECORDED | | |
|---|---|---|
| Date: | June 23, 2015 | |
| Time: | 11:50:29 AM | |
| Book | Page | DocType |
| 0484 | 947 | Asgt |

Charlie Lybrand, Register
Charleston County, SC

MAKER:
STANWICH MTG ACQUISITION

# of Sats:

RECIPIENT:
US BANK TR ETC  TR AL

Note:

Original Book:          Original Page:
W661                    882

| | # of Pages: | 3 |
|---|---|---|
| | # of References: | |
| Recording Fee | $ | 6.00 |
| Extra Reference Cost | $ | - |
| Extra Pages | $ | 1.00 |
| Postage | $ | - |
| Chattel | $ | - |
| TOTAL | $ | 7.00 |

DRAWER    Drawer 4
CLERK     LRR



0484
Book

947
Page

06/23/2015
Recorded Date

3
# Pgs

W661
Original Book

882
Original Page

M
Doc Type

11:50:29
Recorded Time

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                        )        Case No.  14-05847-jw
                                              )        Chapter  13
Djwana Kamile Lewis-Rivers,                   )
                                              )
                          Debtor.             )
_____)

CERTIFICATE OF SERVICE

    I hereby certify that on this 14ᵗʰ day of June, 2016, I served a copy of the Notice of Motion, Motion
to Modify Stay, Certification of Facts, and a Certificate of Service on the below-listed parties, by depositing
same in the United States Mail with sufficient first-class postage affixed and addressed as indicated below:


Djwana Kamile Lewis-Rivers
1865 Richmond Street
Charleston, SC 29407

James M. Wyman, Trustee (via ECF)
PO Box 997
Mt. Pleasant, SC  29465-0997

Elizabeth R. Heilig
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405


                                      _____
                                       April C. Allison, Paralegal to
                                       KATHLEEN M. MUTHIG
                                       District Court ID No. 11909
                                       FINKEL LAW FIRM LLC
                                       Post Office Box 1799
                                       Columbia, South Carolina 29202
                                       Phone (803) 765-2935
                                       Fax (803) 252-0786
                                       kmuthig@finkellaw.com